IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| BRYANT ANTHONY BILLINGS, <br> ADC #093957 <br> <br> Plaintiff, <br> v. <br> <br> JOHNSON, Doctor, <br> Pulaski County Jail; *et al.* <br> <br> Defendants. | \* <br> \* <br> \* <br> \* <br> \*      No. 4:14CV00674-SWW-JJV <br> \* <br> \* <br> \* <br> \* <br> \* |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a  hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Bryant Anthony Billings ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. He alleges Defendants Carl Lynn Johnson, Doc Holladay, Sarah Speer, Randy Morgan, Canera Banister,[1] Frank Onyeokeziri, and Bertha Lowe failed to provide him with constitutionally adequate medical care for a broken forearm. (Doc. No. 94 at 18.) Now, Defendants Holladay, Speer, Morgan, Banister, Onyeokeziri, and Lowe have filed a Motion for Summary Judgment (Doc. No. 126)[2] which argues Plaintiff failed to exhaust his administrative remedies before filing this action. Defendant Johnson, through his counsel, has moved to adopt the Motion, Statement of Facts (Doc. No. 122) and Brief in Support (Doc. No. 123) in their entirety. (Doc. No. 127.) I recommend Dr.

---

[1]This Defendant is currently identified only as "C. Banister" on the docket. I will recommend that the docket be altered to reflect the full name.

[2]These Defendants actually filed two motions. The first is a Motion to Appoint Custodian and Motion for Summary Judgment (Doc. No. 121). Despite the title, this motion is duplicative of the actual Motion for Summary Judgment (Doc. No. 126). Defendants' counsel have clarified that the Motion to Appoint Custodian was a filing error. I will recommend that it be denied as moot.

Johnson's Motion to Adopt be granted. For his part, Plaintiff has not responded to the Motion for Summary Judgment and the deadline for doing so has expired.

**II.     SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.    ANALYSIS**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must

'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's claims are governed by Pulaski County Regional Detention Facility's ("PCRDF") Branch Directive D05-0001, Grievance Procedures. (Doc. No. 122-4 at 1.) The directive requires inmates to file a grievance within fifteen days of any grievable incident. (*Id*. at 7.) Inmates receive a response within ten days and, if they are unsatisfied with the initial response, may appeal to the Chief of Detention. (*Id*. at 9- 10.) Nancy Brawley, the Administrative Sergeant and Grievance Officer for PCRDF, states Plaintiff did not file any grievances related to his current allegations of inadequate medical care. (*Id*. at 2.) Plaintiff has not offered any argument or evidence to the contrary. Accordingly, I find he has failed to exhaust his administrative remedies and this action should be dismissed.[3]

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.      The Clerk of Court shall alter the docket to reflect that Defendant "C. Banister" is "Canera Banister."

2.      Defendant Carl Lynn Johnson's Motion to Adopt (Doc. No. 127) and Defendants' Motion for Summary Judgment (Doc. No. 126) be GRANTED in all respects save their requests for

---

[3] Defendants seek a dismissal of Plaintiff's Complaint with prejudice. (Doc. Nos. 126 & 127.) Dismissal for failure to exhaust administrative remedies, however, should be without prejudice. *See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am.*, 155 F.3d 976, 978 (8th Cir. 1998).

a with prejudice dismissal of this action.

3.	Defendants Carl Lynn Johnson, Doc Holladay, Sarah Speer, Randy Morgan, Canera Banister, Frank Onyeokeziri, and Bertha Lowe be DISMISSED without prejudice due to Plaintiff's failure to exhaust administrative remedies.

4.	Defendants' Motion to Appoint Custodian, Motion for Summary Judgment (Doc. No. 121) be DENIED as moot.

5.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 3rd day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE