# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| BRYANT ANTHONY BILLINGS, | * |
| ADC #093957 | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:14CV00674-SWW-JJV |
| JOHNSON, Doctor, | * |
| Pulaski County Jail; *et al.* | * |
| | * |
| Defendants. | * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

On December 3, 2015, I recommended this action be dismissed due to Plaintiff's failure to exhaust administrative remedies. (Doc. No. 133.) Plaintiff filed his Objections to my recommendation on January 8, 2016, (Doc. No. 137) and based on their content, the district judge referred this matter back to me for further consideration.  (Doc. Nos 138, 139.)  Defendants responded to those Objections (Doc. Nos. 141, 142) and Plaintiff has filed a Reply (Doc. No. 144).

### II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show  there is no genuine issue as to any material fact and  the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825

2

(8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

It is undisputed Plaintiff did not file any grievances while incarcerated at the Pulaski County Regional Detention Facility ("detention facility"). He claims, however, he did not learn of the alleged inadequacies in his medical care until after he was transferred from the detention facility and the grievance system was no longer accessible.[1] (Doc. No. 137 at 3.) He specifically alleges he was unaware of his prescription for a follow-up appointment until after his transfer. (Doc. No. 144 at 1.) Defendants contend Plaintiff was made aware of the need for a follow-up appointment shortly after his initial treatment at University of Arkansas for Medical Sciences ('UAMS') and had ample opportunity to file a grievance while at the detention facility. (Doc. No. 141 at 2-3.) After review of the pleadings and, for the reasons stated hereafter, I find this action should be dismissed and Defendants' Motion for Summary Judgment (Doc. No. 126) granted.

First, even if Plaintiff's unavailability argument is accepted with respect to his follow-up care claims, his other claims are still subject to dismissal for failure to exhaust. In his Fourth Amended

---

[1] Plaintiff states he did file a grievance implicating this allegedly inadequate medical care when he was incarcerated at the ADC Varner Unit. (Doc. No. 137 at 3.) Given that Defendants could not have addressed his concerns after he was transferred to ADC custody, I find this grievance is insufficient to exhaust his claims against them.

Complaint, Plaintiff alleges that prior to his treatment at UAMS: (1) he did not receive an ice-pack, compress, or splint; (2) staff failed to immobilize his arm; (3) staff delayed eight days in providing him access to adequate medical care; and (4) staff's actions were generally inconsistent with detention center medical protocols. (Doc. No. 94 at 4-8.) He also alleges he was denied adequate pain and anti-inflammatory medication after he was treated at UAMS. (*Id*. at 11-12.) Plaintiff claims his injury was first brought to the attention of medical center staff on April 2, 2014, and he was not transferred to the Arkansas Department of Correction ('ADC') until May 6, 2014. (*Id*. at 4.) I conclude Plaintiff knew or should have known about the foregoing inadequacies in his treatment during that time. A layman would be aware if medical staff delayed more than a week in providing him care for a serious injury or if they failed to provide basic care like an ice-pack or splint during that same time. Similarly, if Plaintiff was in pain after his treatment at UAMS and not receiving enough medication for that pain, he could have quickly filed a grievance stating as much. Accordingly, his failure to administratively exhaust these claims mandates their dismissal.

I also find Plaintiff's follow-up care allegations should be dismissed on screening.[2] I allowed these claims to proceed past the initial screening stage, but the pleadings now indicate Defendants' failure to schedule a follow-up appointment for Plaintiff did not rise to the level of deliberate indifference. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said

---

[2] Section 1915(e)(2)(B)(i-iii) provides the court "shall dismiss the case **at any time** if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." (emphasis added).

to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Here, Defendants were in the process of scheduling Plaintiff's follow-up appointment when he was transferred. (Doc. No. 141 at 2 n. 1.) All outside medical care required ADC approval, and that approval was not obtained until April 22, 2014. (*Id*.) Defendants called UAMS that same day to schedule an appointment, but none could be set before Plaintiff was transferred. (*Id*.)

For his part, Plaintiff argues Defendants waited eleven days before attempting to contact the ADC for approval and, once they submitted their request, failed to describe his situation as an emergency. (Doc. No. 137 at 26.) It may be that a quicker request for approval would have been appropriate and Defendants were negligent in failing to submit one, but negligence is not equivalent to deliberate indifference. Moreover, Plaintiff's failure to submit any grievances related to his medical care while he was at the detention center weighs against his claim that he needed emergency medical care during that time. Deliberate indifference demands a subjective mind-set akin to criminal recklessness and the record precludes a finding that any Defendant acted with such a degree of recklessness. *See Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003).

**IV.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.     The Clerk of Court shall alter the docket to reflect Defendant "C. Banister" is "Canera Banister."

2.     Defendant Carl Lynn Johnson's Motion to Adopt (Doc. No. 127) and Defendants'

5

Motion for Summary Judgment (Doc. No. 126) be GRANTED in all respects save their requests for a with prejudice dismissal of this action.

3. Plaintiff's claims against Carl Lynn Johnson, Doc Holladay, Sarah Speer, Randy Morgan, Canera Banister, Frank Onyeokeziri, and Bertha Lowe be DISMISSED without prejudice.

4. Defendants' Motion to Appoint Custodian, Motion for Summary Judgment (Doc. No. 121) be DENIED as moot.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 29th day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE